Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that although the interlocutory decree of the Staunton Chancery District court, pronounced on the 20th day of July 1807, in the suit of John Staley against Daniel Lantz, did not direct the commissioners thereby appointed, to make sale of the land in controversy, to convey the same to the purchaser ; yet as commissioners appointed by the Chancery court to make sale of property, act subject to the supervision and control of the Court, their acts, when sanctioned and approved by the Court, become the acts of the Court: That the Court having jurisdiction over the subject, has the power either to ratify and confirm a previous deed made by the commissioners, or to direct the execution of a new one : and the correctness of any order so made by the Court, where it has jurisdiction over the subject, can only be enquired into by proper proceedings instituted to set aside or reverse the order and decree; but the same cannot be impeached in a collateral proceeding. The Court is therefore of opinion, that the deed executed by Dudley Evans and Thomas Wilson, two of the commissioners appointed by said decree, to make sale of the said land, bearing date the 2d day of November 1807, having been ap *118 proved and confirmed on the 21st April 1836, by a final decree pronounced in said cause by the Circuit Superior court of law and chancery of Monongalia county, to which Court said cause had been transferred, such order confirmation gave full effect and validity to said deed, and related back to the time of its date, so as to invest Nimrod Evans, the grantee in said deed, with the legal title of said Daniel Lantz to said land. And the Court is further of opinion, that as there was no suggestion of the death of Daniel Lantz in the record of said suit in chancery, the validity of the decree cannot be impeached by evidence given in a collateral proceeding, tending to shew his death at a period anterior to the time of pronouncing the final decree; the error in proceeding to pronounce such decree after the death of the defendant, should have been shewn in some proceeding instituted by the proper parties to impeach and set aside said decree for that cause.
The Court is further of opinion, that the continued possession of the said Daniel Lantz and his heirs from the time of the sale by the commissioners, until the final decree of the Court, was not an adverse possession to the demandants or the said Nimrod Evans, under whom they claim, because the decree of the Court confirming said deed was essential to the validity thereof, and because until such final order, the said Daniel Lantz and those claiming under him, held subject to the control of the Court, under and in virtue of said title, and not adverse thereto.
And the Court is further of opinion, that as John Staley, by his deed of the 8th of July 1805, had conveyed the land in controversy to said Daniel Lantz, the subsequent deed of said Staley to the said Lantz, dated the 15th August 1809, conveying a large tract of land, embracing within the boundaries thereof the land in controversy, so far as it respected the land in controversy, was inoperative; the title of said Staley thereto *119 having fully passed by the previous deed. It therefore seems to the Court here, that the matters shewn in evidence to the jury, are sufficient in law to maintain the issue on the part of the demandants, and that the judgment of the Circuit Superior court is erroneous. It is therefore reversed with costs; and this Court proceeding, &c., it is considered that the demandant recover his seizin of the tract of 539 acres, as described in the count, being the same land described in the deed of John Staley to Daniel Lantz, dated the 8th of July 1805, and in the deed of Dudley Evans and Thomas Wilson, commissioners, to Nimrod Evans, dated the 2d November 1807, and the costs.